```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**MAURICE L. MILES, JR.,**

                **Petitioner,**

        v.                      **CASE NO. 17-3197-SAC**

**EMMALEE CONOVER[1],**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending.

**Screening**

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must promptly examine a habeas filing and, if it plainly appears the petitioner is not entitled to relief, must dismiss the matter.

The petition shows that petitioner was sentenced in three criminal cases in March 2017 under his plea of nolo contendere. Petitioner presents three claims for relief: (1) the decision of the court did not follow the plea agreement; (2) the criminal charges were improperly stacked and illegal; and (3) petitioner was incompetent at the time he entered the agreement due to being removed from his medications.

Before a state prisoner may seek federal habeas corpus relief, he must exhaust state court remedies by presenting his claims to the

---

[1] The Court substitutes Warden Emmalee Conover as the respondent to this action. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

state appellate courts by invoking one complete round of the state's appellate review procedures. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845-47 (1999). "[A] state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A petitioner may be excused from the exhaustion requirement only if exhaustion would be futile due to "an absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009)(internal citations and quotations omitted).

It does not appear petitioner has presented the claims to the state appellate courts in a direct appeal or that he has filed a post-conviction action under K.S.A. 60-1507. Because it appears he has a state court remedy, the Court will direct him to show cause why this matter should not be dismissed without prejudice to allow him to pursue relief in the state courts.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including December 13, 2017, to show cause why this matter should not be dismissed without prejudice to allow him to exhaust his claims in the state courts.

IT IS FURTHER ORDERED the Clerk of the Court shall modify the docket to name Warden Emmalee Conover as the respondent.

**IT IS SO ORDERED.**

DATED:  This 21st day of November, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge